**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TEAMSTERS LOCAL 639 EMPLOYERS HEALTH TRUST<br>3130 Ames Place NE<br>Washington, DC 20018,<br><br>JOHN GIBSON, PHILIP GILES, THOMAS E. RATLIFF, MICHAEL R. BULL, RAY HOWARD, FRANK W. STEGMAN, J. ANTHONY SMITH AND ERIC D. WEISS, as Trustees of the TEAMSTERS LOCAL 639 EMPLOYERS HEALTH TRUST<br>3130 Ames Place NE<br>Washington, DC 20018,<br><br>TEAMSTERS LOCAL 639 EMPLOYERS PENSION TRUST<br>3130 Ames Place NE<br>Washington, DC 20018<br><br>JOHN GIBSON, PHILIP GILES, THOMAS E. RATLIFF, RAY HOWARD, FRANK W. STEGMAN, AND ERIC D. WEISS, as Trustees of the TEAMSTERS LOCAL 639 EMPLOYERS PENSION TRUST<br>3130 Ames Place NE<br>Washington, DC 20018<br><br>                Plaintiffs.<br><br>  vs.<br><br>BOILER & FURNACE CLEANERS, INC.<br>4631 Baltimore Avenue<br>Hyattsville, MD 20781<br><br>                Defendant. | Civil Action No. 8:15-CV-3053<br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>  **for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20002**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

# COMPLAINT UNDER ERISA FOR OUTSTANDING EMPLOYER CONTRIBUTIONS, INTEREST AND LIQUIDATED DAMAGES

## Introduction, Jurisdiction and Venue

1. This is a civil action brought by employee benefit plans, and by the Trustees of employee benefit plans, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, and liquidated damages owed by Defendant.

2. Jurisdiction is conferred upon this Court by Section 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as Defendant is located in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of Treasury by certified mail on or about the date of filing.

## Parties

5. Plaintiff Teamsters Local 639 - Employers Health Trust ("Health Fund"), is an employee welfare benefit plan within the meaning of Section 3(1) and (3) of ERISA, 29 U.S.C. § 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A),

established and maintained for the purpose of providing health care benefits to covered employees, their families and dependents. The Health Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Health Fund is administered at 3130 Ames Place NE, Washington, DC 20018.

6. Plaintiff Trustees of the Health Fund, John Gibson, Philip Giles, Thomas E. Ratliff, J. Anthony Smith, Michael R. Bull, Ray Howard, Frank W. Stegman, and Eric D. Weiss, are the duly authorized Trustees of the Health Fund whose duty it is to administer the Health Fund for the benefit of the participants and beneficiaries of the Health Fund. The Trustees are authorized fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Plaintiff Teamsters Local 639 - Employers Pension Trust ("Pension Fund") is an employee pension benefit plan within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2), (3) and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to covered employees of contributing Employers. The Pension Fund is and at all times herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Pension Fund is administered at 3130 Ames Place NE, Washington, DC 20018.

8. Plaintiff Trustees of the Pension Fund, John Gibson, Philip Giles, Thomas E. Ratliff, Ray Howard, Frank W. Stegman, and Eric D. Weiss, are the duly authorized Trustees of the Pension Fund whose duty it is to administer the Pension Fund for the benefit of the participants and beneficiaries of the

Pension Fund.  The Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

9. Boiler & Furnace Cleaners, Inc. ("Defendant" or "Company") is an "employer in an industry affecting commerce" as defined in Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. § 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. § 152(2), (6), and (7).

10. Upon information and belief, Defendant is incorporated under the laws of the state of Maryland with a mailing address of 4631 Baltimore Avenue, Hyattsville, MD  21201.  Defendant provides boiler, furnace and incinerator repair, maintenance and installation services.

**Factual Background**

11. At all relevant times, the Drivers, Chauffeurs and Helpers Local Union No. 639, affiliated with the International Brotherhood of Teamsters ("Union") has been the exclusive collective bargaining agent for Defendant's employees.

12. At all relevant times, Defendant was party to a collective bargaining agreement ("CBA") with the Union that establishes the terms and conditions of employment for employees of Defendant. The current agreement covers the period from October 16, 2014 through October 15, 2017 ("2014 CBA"), a prior agreement covered the period from October 16, 2013 through October 15, 2014 ("2013 CBA"), and another prior agreement covered the period from October 16, 2010 to October 15, 2013 ("2010 CBA")(collectively "the Collective Bargaining Agreements"). True and correct copies of the Collective Bargaining Agreements are attached hereto as Plaintiffs' Exhibits 1, 2 and 3 respectively.

13. Pursuant to Article 27 of the Collective Bargaining Agreements, Defendant was required to contribute to the Health Fund at the specified amount for per hour or portion thereof for which an employee actually performed work. *See* Exhibits 1, 2, and 3. For the period of August 1, 2012 through July 31, 2013, the hourly contribution rate was $6.12 per hour. *See* Exhibit 1. For the period of August 1, 2013 through July 31, 2014, the hourly contribution rate was $6.35 per hour. *See* Exhibit 2. For the period of August 1, 2014 through July 31, 2015, the hourly contribution rate was $6.65 per hour. See Exhibit 3. Effective August 1, 2015 the hourly contribution rate was $6.95 per hour. *Id.*

14. Article 27, of the Collective Bargaining Agreements further provides that the Employer "agrees to be bound and to the said Agreement and Declaration of Trust as though it had actually signed the same." *See* Exhibit 3. The Health Fund's Agreement and Declaration of Trust is attached as Exhibit 4. Section 6.4 of the Health Fund's Agreement and Declaration of Trust requires that contributions are to be paid with the appropriate report on or before the last day of the month following the month in which the hours reported and contributed on were worked and shall be in the manner and form required by the Trustees of the Health Fund. *See* Exhibit 4.

15. Section 6.5 of the Health Fund's Agreement and Declaration of Trust provides that if a Company fails to make its required payments, the Company is assessed liquidated damages in the amount of ten percent (10%) of the amount due and interest in the amount of one and one half percent (1½%) of the amount due. Exhibit 4. The Health Fund's Agreement and Declaration also provides that if any lawsuit is initiated to collect delinquent contributions, the Company is liable for all reasonable expenses incurred by the Health Fund, including but not limited to attorneys' fees and court costs, plus an additional liquidated damage of ten percent (10%) on the amount due. *Id.*

16. Pursuant to Article 28 of the Collective Bargaining Agreements, Defendant was required to contribute to the Pension Fund at the specified rate for each hour or portion thereof for which an employee performs work. Exhibits 1, 2, and 3. For the period of January 1, 2013 through December 31, 2013, the hourly contribution rate was $6.05 per hour. *See* Exhibit 2. For the period of January 1, 2014 through December 31, 2014, the hourly contribution rate was $6.32 per hour. *Id.* Effective January 1, 2015, the hourly contribution rate was $6.63 per hour. *See* Exhibit 3.

17. Article 28 of the Collective Bargaining Agreements further provides that the Employer agrees to be bound by the Pension Fund's Agreement and Declaration of Trust. *See* Exhibits 1, 2 and 3. The Pension Fund's Agreement and Declaration of Trust is attached as Exhibit 5. Section 6.4 of the Pension Fund's Agreement and Declaration of Trust requires that contributions are to be paid with the appropriate remittance report on or before the last day of the month following the month in which the hours reported and contributed on were worked and shall be in the manner and form required by the Trustees of the Pension Fund. *See* Exhibit 5, Section 6.4.

18. Section 6.5 of the Pension Fund's Agreement and Declaration of Trust provides that if a Company fails to make its required payments, the Company is assessed liquidated damages in the amount of ten percent (10%) of the amount due and interest in the amount of one and one half percent (1½%) of the amount due. Exhibit 5. The Pension Fund's Agreement and Declaration of Trust also provides that if any lawsuit is initiated to collect delinquent contributions, the Company is liable for all reasonable expenses incurred by the Pension Fund, including but not limited to attorneys' fees and court costs, plus an additional liquidated damage of ten percent (10%) on the amount due. *Id.*

19.     Defendant was obligated to make contributions to the Health and Pension Funds under the terms of the Collective Bargaining Agreements with the Union and pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

20.     To date, Defendant has failed to remit the contractually required remittance reports and contributions for August 2015 and has failed to pay interest charges and liquidated damages to the Health and Pension Funds for previous late payments for numerous months from July 2013 through July 2015.

21.     Prior to commencing this lawsuit, the Health and Pension Funds contacted Defendant in an attempt to obtain the outstanding amounts owed. However, Defendant has failed to make payment on the amounts due. To date, Defendant has failed to satisfy its obligations to the Health and Pension Funds, and pay the delinquent and unpaid contributions, or interest and liquidated damages on the delinquent or previously late paid contributions.

**COUNT I – Collection of Delinquent Contributions, Interest, and Liquidated Damages Pursuant to ERISA Sections 502 and 515**

22.     Plaintiffs re-allege and incorporate Paragraphs 1 through 21.

23.     This claim arises under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(a)(3) and 1145.

24. Defendant is obligated, under the terms of the applicable Collective Bargaining Agreements, to provide remittance reports and contributions to the Health and Pension Funds on behalf of the Defendant's employees. The Defendant has failed and refused to fulfill its contractual obligations to remit owed contributions, resulting interest and liquidated damages.

25. Defendant is delinquent to the Health and Pension Funds for owed remittance reports and contributions, and owes interest and liquidated damages due to its failure to make the required and proper payments.

26. The Health Fund has determined that Defendant owes $7,198.80 in liquidated damages and $257.18 in interest for previous late payments for numerous work months from June 2013 through July 2015.

27. In addition to these amounts, Defendant has failed to remit reports or contributions for the work month of August 2015 to the Health Fund. The Health Fund operates pursuant to a self-reporting system that requires companies to report the number of hours worked and paid each month, as well as the contributions owed for work performed by their covered employees. Because the Health Fund has not received the contractually required remittance report for August 2015, it cannot determine the entire amount of the monthly contributions due to the Health Fund. In addition to the underlying contributions, Defendant owes interest calculated at a rate of 1½% and liquidated damages in the amount of 20% of all unpaid contributions.

28. The Pension Fund has determined that Defendant owes $4,341.19 in liquidated damages and $334.71 in interest for previous late payments for certain work months from June 2013 through July 2015.

29. In addition to these amounts, Defendant has failed to remit reports or contributions for the work month of August 2015 to the Pension Fund. The Pension Fund operates pursuant to a self-reporting system that requires companies to report the number of hours worked and paid each month, as well as the contributions owed for work performed by their covered employees. Because the Pension Fund has not received the contractually required remittance report for August 2015, it cannot determine the entire amount of the monthly contributions due to the Pension Fund. In addition to the underlying contributions, Defendant owes interest calculated at a rate of 1½% and liquidated damages in the amount of 20% of all unpaid contributions.

30. Prior to commencing this lawsuit, the Health and Pension Funds sent several letters and attempted to directly contact the Defendant in an attempt to obtain the outstanding remittance reports, contributions, interest and liquidated damages due from the Defendant. Defendant continues to refuse to remit the required reports or make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the Funds, and pay the delinquent and unpaid contributions, liquidated damages and interest due.

31. Pursuant to Section 502(g) of ERISA, the Health and Pension Funds are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

### COUNT II – Collection of Delinquent Contributions, Interest, and Liquidated Damages Pursuant to LMRA Section 301

32. Plaintiffs reallege and incorporate Paragraphs 1 through 31.

33. This claim arises under Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

34. Defendant is obligated, under the terms of the applicable Collective Bargaining Agreements, to provide remittance reports and contributions to the Health and Pension Funds on behalf of the Defendant's covered employees. Pursuant to the Collective Bargaining Agreements Defendant agreed to be bound by the Health and Pension Funds' Trust Agreements.

35. Under the terms of the Health and Pension Funds Trust Agreements, Defendant is obligated to pay interest at the rate of 1½% and liquidated damages at a rate of 20% (after the initiation of litigation) for the late payment of contributions owed to the Health and Pension Funds. Further, the Health and Pension Funds are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

36. By failing to pay the amounts specified in paragraphs 26 through 29, Defendant is in breach of contract.

37. Plaintiffs, as third-party beneficiary to the Collective Bargaining Agreements between Defendants and the Union, are entitled to recover these owed delinquent remittance reports, contributions, interest, and liquidated damages for Defendant's breach of contract.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court issue an order against Defendant granting the following relief:

A. Declare that Defendant has breached its Collective Bargaining Agreements with the Union by failing to remit required reports, contributions, interest and liquidated damages to the Health and Pension Funds;

B. Order Defendant to provide the owed remittance report for August 2015;

C. Enter judgment in an amount to be determined by the Health and Pension Funds for all contributions, interest, and liquidated damages for the month of August 2015;

D. Enter judgment on behalf of the Health Fund for all interest and liquidated damages for owed for prior late payments for certain work months from July 2013 through July 2015, totaling $4,675.90;

E. Enter judgment on behalf of the Pension Fund for all interest and liquidated damages for owed for prior late payments for certain work months from July 2013 through July 2015, totaling $7,455.98;

F. Enter judgment for Plaintiff's attorneys' fees and costs, as required by the Collective Bargaining Agreements, the Trust Agreement, and Section 502(g) of ERISA;

G. Retain jurisdiction of this case pending compliance with its Orders; and

H. Grant such further relief as the Court may deem appropriate.

Respectfully Submitted,

     /s/ Diana M. Bardes
Diana M. Bardes (MD Bar # 19359)
Mooney, Green, Saindon, Murphy & Welch P.C.
1920 L Street, NW, Ste 400
Washington, D.C.  20036
(202) 783-0010
dbardes@mooneygreen.com
Counsel for the Plaintiff

Dated:  October 7, 2015